Caldwell, J.
The question to be decided is, whether the record plead, and the averments of the plea, show that the defendant had been once put in jeopardy for the same offense.
A person can only be said to have been in jeopardy for an offense, when he has been put on his trial, on an indictment which would have warranted a conviction, if the criminal act had been proved.
In Archbold’s Criminal Pleading, page 87, the rule is laid down thus: “ When a man is indicted for an offense and acquitted, he cannot afterward be convicted for the same offense, provided the first indictment were such that he could have been lawfully convicted on it; and if he be thus indicted a second time, he may plead auterfois acquit, and it will be a good bar to the indictment.”
“ The true test by which the question, whether such a plea is a sufficient bar in any particular case, may be tried, is, whether the evidence necessary to support the second indictment would have been sufficient to prove a legal conviction in the first.”
The same rule is laid down in Roscoe’s Criminal Evidence, page 331. The first question arising in the application of this principle to the case in hand, is, whether the name *425 Horace B. Westerhaven and Horace E. Westerhaven is the same name, or whether they designate different persons. It is not necessary in giving a person’s name to insert a middle letter which may form a part of his name, but when inserted it becomes an important part of the name, and must be proved as laid. Horace B. Westerhaven and Horace E. Westerhaven are different names, designating different persons. The facts necessary to sustain the second indictment could not have warranted a legal conviction on the first. Take the facts alleged in the second indictment to he true, and they could not have-put the defendant in jeopardy of a legal conviction in the first. In order to have made the plea good, it would have been necessary, in addition to the allegations made, to have averred that Westerhaven was known as well by the name of Horace-E, Westerhaven as Horace B. Westerhaven. We think the court decided correctly in sustaining the demurrer.

Judgment affirmed.